a.c. 1000

01. Andre' Carpiaux...
    2235 Manchester Rd.
02. San Leandro. Ca. 94578
    510   513 7914
03. cxengineers@yahoo.com

04. PLAINTIFF
       pro se.

05.                    United States District Court

06.                   Northern DIstrIct of California

07.                      OAKLAND   CA.   DIVISION

08. Andre' CARPIAUX              )
                                 )         Case No  C21-01285
09.      PLAINTIFF               )
                                 )
10.      Vs.                     )         --- COMPLAINT ---
                                 )
11. City of EMERYVILLE           )         DEMANDE FOR
                                 )
12.      DEFENDANT               )         JURY   TRIAL
                                 )
13. --------------------------- )

14.    1.   JURISDICTION.   This Court has jurisdiction over this

15. complaint because it arises under the Laws of Civil Rights of the United States.

16.    2.   SPECIFICS of the Laws of Civil Right are encompassing

17.. since it does not include an occupation to earn a livelihood known in derogatory term

18. as professional " B I A S "

19. The framers of the constitution had a bit view of the occupations of their generation

20.                              Page   01

01. which education meant being literate in the faculty of few to express in writing rather
02. than orally the thought deemed appropriate to write and read considered the ultimate
03. memory in unabated time. Motion defined the activity of living things in unsuspected
04. trajectory, Other physical concepts opened to human kind discovery with time works
05. Travel was made by the available energy of metabolism intake of nutrient and water
06. Literacy has become an insignificant ways to communicate since emerging mechanics
07. of hieroglyphic to materialize things in thought and vision computed by data and graph.
08.    3.   V E N U E   is appropriate in this Court because both Plaintiff and
09. Defendant reside in this District and a substantial amount of the acts and or omissions
10. giving rise to this lawsuit occurred in it.
11.    4.   I N T R A D I S T R I C T   A S S I G N M E N T, This lawsuit
12. should be assigned to the OAKLAND Division of this Court because a substantial
13. part of the events and or omissions which give rise to this lawsuit occurred in Alameda
14. County at 1 2 6 4  Ocean  Av.  City of Emeryville Cal; 94608 - 1148
15. P L A I N T I F F  Andre' C A R P I A U X  was an home owner occupy accused of
16. violating the building code A.D.B.C of 1994 - 97 which ended by the wrecking of
17. his habitat and the discarding of the means of his occupation to earn his livelihood as
18. terminal enforcement of professional " BIAS " he suffered from the city of Emeryville.
19. . PLAINTIFF Andre' CARPIAUX  opposed the motive of the nefarious action against
20,                   Page  02

01. his assets he toiled for 50 years as a retaliation for his concern over the dead of Michael

02. SMELA security guard killed by Councilman (Kenneth) Ken Bukowski, the acolyte of

03, Councilwomen Nora Davis obsessed in running the city her ways as the political majority.

04. Nora Davis prevented the E.P.D. to investigate the dead of Michael SMELA and bared to

05. administer by laws requiring D.U.I. analysis to keep her docile voting buddy to be jailed

06. for the road kill the city said as the running over a rodent to perpetuate the elected officials

07. the political culture of immunity of all crimes " to get away with murder " Exhibit  Pets

08. This political interference shocked the integrity of fellow city councilman Attorney Dick

09. Kassis who would not seek re election. It broke the BUDAKAAT majority into minority

10. The City used the A.D.B.C. to prosecute persecute PLAINTIFF Andre' CARPIAUX in

11. the falsification of its content. It hid and or did not provide information contained in the

12. A,D.B.C . in order to trap the property owner of works done by rights afforded to home

13. owner occupy to approved & signed permits by competent City inspector Bill Williams.

14. The A.D..B.C. Section 205 Board of Appeals contains qualification duty " consisting of

15. members who are qualified by experiences and trainings to pass upon matters pertaining

16. to building constructions and maintenances who are not employees of the jurisdiction

17. Exhibit  A.D.B.C. # 205. Here members have college degrees, never had job work done

18. hands on, being slotted to administrative occupation absent of the' 205 " qualifications

19. SECTION 302  # 3  " Stress " of live and dead load is more than one and one half the

20. Page  03

01   stresses allowed .Exhibit # 3

02.  SECTION  302  # 6  " Wind Pressure " ? of one half of specified in B.C. Exhibit # 6

03   SECTION  302  # 7  " Less Resistance " ? to winds or earthquakes… Exhibit # 7

04   SECTION  302  # 10  " Bank " ? in extent plumb line passing in the center of gravity

05   does not fall in the middle one third of the base   Exhibit # 10

06   SECTION  302  # 11  " Shows " 33 % or + damage or 50 % unsupported Exhibit # 11

07   SECTION  302  # 14 " No supporting part less than 50 % of support or – 66 % of the

08.  strength to fire characteristics required by laws for height and occupancy   Exhibit # 14

09.  Those sections ignored, NO measurements, NO data, NO calculations, NO testing proofs

10.  to support evidence of now collapse. All bluff from City's Experts in conflict of interest.

11.  SECTION 401. 2  # 2  A statement that found the building dangerous with a brief and

12.  concise description of the conditions found,  NO such description exist, absent from the

13.  record. Exhibit  401.2 # 2  and same section # 3,3  reasonable (not to exceed 60 days

14……that all required  PERMIT  be secured in those 60 days including the demolition. YET,

15   NO permits was made available for myself to be secured, The office clerk screamed it

16.  was for builder NOT for home owner occupy. Exhibit 401.2 # 3,3  Walnut Creek, Ca.

17.  Geology Engineers Cy. hired by the city to make expertise by proofing details analysis

18..  concluded, rehabilitation needs to be done ! " NO DEMOLITION " Exhibit W..C.

19.  Oakland Chief Building Inspector along with 5 builders wrote " NO DEMOLITION "

20                               Page 04

01. SECTION 403 # 1.2 Building be demolished at the " OPTION " of the OWNER(s)

02.. Exhibit 403 # 1.2   At no point in time was the ownership of the building transferred

03. orally and or in writing. by seizure, swindling, armed robbery and tortured prisoner from

04. PLAINTIFF Andre' Carpiaux Vs. DEFENDANT City of Emeryville .to wreck my assets

05.. I toiled 50 years . Federal laws applying to demolition specify a period of 45 to 90 days

06. Exhibit F Ls.  NO writings exist to strike Federal laws in favor A.D/B.C, or city laws,

07. or county laws, or state laws or clubs or town agency policy promoting condominiums .

08. The A,D.B.C. is a stale asinine document the city used as dirt digger to harass-persecute

09. PLAINTIFF Carpiaux, They took advantage of a desperate, defenseless, handicapped,

10. vulnerable, feeble, poor, little elder now 86 to steal under the color A.D.B.C. his assets.

11.. In it his hand written correspondences in French and in German to his family and friends

12. in Europe, His dissertation on " Pollution" book of 390 pages, his research papers to the

13. pollution discipline, His degrees and diplomas, His inventions U.S and E.U Patents. His

14 scientific displays. His pilot license. His racing trophies, His trophy Teaching Excellence

15. His invention prototypes (six). His family heirlooms and memorabilia. My sons Daniel

16. and Patrick inheritances. All my tools, machineries, tools jigs, equipments, prototypes

17. contraption of tooling of life time engineers. mechanics, artisans of moving sculptures

18. PLAINTIFF Andre' CARPIAUX is seeking financial compensation for his estate lost.

19. Andre' Carpiaux                    Date  Feb 08 - 2021

20. *Andre' Carpiaux* (signature)        Page 05

3. Whenever the stress in any materials, member or portion thereof, due to all dead and live loads, is more than one and one half times the working stress or stresses allowed in the Building Code for new buildings of similar structure, purpose or location.

6. Whenever any portion of a building, or any member, appurtenance or ornamentation on the exterior thereof is not of sufficient strength or stability, or is not so anchored, attached or fastened in place so as to be capable of resisting a wind pressure of one half of that specified in the Building Code for new buildings of similar structure, purpose or location without exceeding the working stresses permitted in the Building Code for such buildings.

7. Whenever any portion thereof has wracked, warped, buckled or settled to such an extent that walls or other structural portions have materially less resistance to winds or earthquakes than is required in the case of similar new construction.

10. Whenever the exterior walls or other vertical structural members list, lean or buckle to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one third of the base.

11. Whenever the building or structure, exclusive of the foundation, shows 33 percent or more damage or deterioration of its supporting member or members, or 50 percent damage or deterioration of its nonsupporting members, enclosing or outside walls or coverings.

14. Whenever any building or structure which, whether or not erected in accordance with all applicable laws and ordinances, has in any nonsupporting part, member or portion less than 50 percent, or in any supporting part, member or portion less than 66 percent of the (i) strength, (ii) fire-resisting qualities or characteristics, or (iii) weather-resisting qualities or characteristics required by law in the case of a newly constructed building of like area, height and occupancy in the same location.

# SECTION 401 — GENERAL

**401.1 Commencement of Proceedings.** When the building official has inspected or caused to be inspected any building and has found and determined that such building is a dangerous building, the building official shall commence proceedings to cause the repair, vacation or demolition of the building.

**401.2 Notice and Order.** The building official shall issue a notice and order directed to the record owner of the building. The notice and order shall contain:

2. A statement that the building official has found the building to be dangerous with a brief and concise description of the conditions found to render the building dangerous under the provisions

    3.3 If the building official has determined that the building or structure must be demolished, the order shall require that the building be vacated within such time as the building official shall determine is reasonable (not to exceed 60 days from the date of the order); that all required permits be secured therefor within 60 days from the date of the order; and that the demolition be completed within such time as the building official shall determine is reasonable.

# SECTION 403 — REPAIR, VACATION AND DEMOLITION

The following standards shall be followed by the building official (and by the board of appeals if an appeal is taken) in ordering the repair, vacation or demolition of any dangerous building or structure:

1. Any building declared a dangerous building under this code shall be made to comply with one of the following:

    1.2 The building shall be demolished at the option of the building owner; or